# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. GERALD WINFIELD | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 10-cv-4878 |
| GERADO ACEVEDO, Warden, Hill Correctional Center,[1] | ) ) ) | Judge Sharon Johnson Coleman |
| Respondent. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Gerald Winfield filed a petition for writ of habeas corpus challenging the legality of his incarceration at Hill Correctional Center, arguing he received ineffective assistance of appellate counsel because his counsel failed to challenge his conviction on grounds which had a reasonable probability of success. This Court granted the petition, finding that the appellate counsel should have raised an insufficiency of the evidence argument based on the corpus delicti rule and that his failure to do so prejudiced Winfield. The relevant facts were set forth in the Court's prior order and need not be repeated here. *See United States ex rel. Winfield v. Acevedo,* No. 10-CV-4878, 2016 WL 1247401 (N.D. Ill. Mar. 30, 2016). Respondent moves for reconsideration of that order under Rule 59(e) and for a stay of the order pending appeal. The Court denies the motion to reconsider and grants the stay pending appeal.

**Legal Standard**

"A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded

---

[1] Petitioner's present custodian, Stephanie Dorethy, Warden, Hill Correctional Center, is substituted as Respondent. Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004).

entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal quotations omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

When considering whether to grant a stay, the court must review the following factors: "1) whether the state has made a strong showing that it is likely to succeed on the merits of its appeal; (2) whether the state will be irreparably harmed absent a stay; (3) whether the issuance of a stay will substantially injure the other parties to the proceeding; and (4) where the public interest lies." *Etherly v. Schwartz*, 590 F.3d 531, 532 (7th Cir. 2009).

**Discussion**

*Reconsideration of Final Judgment*

In its order on the habeas petition, the Court stated that under Illinois law, a conviction based on an extrajudicial confession must be corroborated by evidence that "correspond[s] with the circumstances recited in the confession and tend[s] to connect the defendant with the crime." *People v. Lara,* 368 Ill.Dec. 155, 168, 983 N.E.2d 959, 972 (Ill. 2012). The Court's grant of the petition rested on its conclusion that there was no credible independent evidence which satisfied these requirements. Respondent argues that the Court misapprehended the articulation of Illinois law in *Lara* because it ignored that such corroboration of a confession is only required "[w]hen a defendant's confession is part of the corpus delicti proof." *Lara*, 368 Ill.Dec. at 160. Respondent asserts that the confession was not part of the corpus delicti proof because "the State did not need to rely" on it, even in part, to prove that an attempted murder occurred. The proper inquiry however, is not whether the State *needed* to rely on the confession as proof of the corpus delicti, but whether the confession was put before the factfinder to be considered for that purpose. *Lara,* 368 Ill.Dec. at 168. Here, the trial court as factfinder relied on the confession, together with other

evidence, to find the requisite intent required for the crime of attempted murder. Dkt. 16-11 at 183 ("particularly in light of what this defendant tells us he was about [in his extrajudicial confession], and the inference that can be drawn in what he tells us . . . [n]o other conclusion can be drawn but that he intended to kill . . ."). There is therefore no error of law in this Court's reliance on *Lara*.

Respondent also points to *People v. Salinas*, 347 Ill.App.3d 867, 807 N.E.2d 1178 (2004) as supporting the argument that if there is independent evidence showing that the charged offense was committed, this independent evidence need not corroborate the defendant's confession at all. The court in *Salinas* relied on the corpus delicti rule as articulated in *People v. Holmes,* 67 Ill. 2d 236, 367 N.E.2d 663 (1977). The court in *Holmes* framed the test as an "or" test: evidence independent of the confession must *either* tend to show a crime occurred *or* corroborate the confession. In other cases, the Illinois Supreme Court has articulated the test as requiring the independent evidence to *both* correspond to the circumstances in the confession *and* show a crime was committed. *See People v. Furby*, 138 Ill. 2d 434, 446, 563 N.E.2d 421, 426 (1990) ("the prosecution must present evidence aliunde the defendant's confession that tends to show the commission of the offense *and* is corroborative of the circumstances related in the statement"); *People v. Perfecto*, 26 Ill. 2d 228, 229, 186 N.E.2d 258, 259 (1962) (evidence independent of the confession must "tend to prove the corpus delicti *and* correspond with the circumstances related in the confession"). This Court did not need to resolve this inconsistency in Illinois law in order to grant the petition. It was not manifest error to find there was a reasonable probability that an appellate court would have followed the *Perfecto, Furby,* and *Lara* line of cases and required independent evidence that corroborated the confession.

Respondent also seeks to disavow its earlier position on the correct standard of review for the ineffective assistance of appellate counsel claim, arguing for the first time on reconsideration that the post-conviction appellate court addressed the merits of the argument and its decision is therefore entitled to AEDPA deference. Rule 59(e) "motions cannot be used to raise new arguments which

could and should have been raised before judgment was entered." *Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d 1332, 1336 (7th Cir. 1992). The Court therefore declines to reconsider its determination of the appropriate standard of review for Winfield's habeas petition.

*Stay Pending Appeal*

This case presents a close call on the question of ineffective assistance of appellate counsel. As the Court noted in its order granting the petition, a court's assessment of the evidence in a bench trial is accorded substantial deference. *People v. Hernandez*, 312 Ill.App.3d 1032, 1037 (2000). Nonetheless, given the particular facts of the case, particularly the trial court's heavy reliance on a confession which was highly inconsistent with the testimony of the only witness found to be credible, the Court determined that there was at least a reasonable probability that such an argument would have affected the outcome of the direct appeal. The Court affirms that determination here and finds no legal or factual error with it. However, given the severity of the crime at issue and the inherent uncertainty in predicting what the state appellate court would have done, the balance of interests compels a stay of the Court's order pending appeal.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  August 1, 2016