UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA ex rel., | ) | |
|---|---|---|
| GERALD WINFIELD | ) | |
| Petitioner, | ) | |
| | ) | Case No. 10-cv-4878 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| GERADO ACEVEDO, Warden, Hill | ) | |
| Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Gerald Winfield filed a petition for writ of habeas corpus challenging the legality of his incarceration at Hill Correctional Center. Winfield contends that he received ineffective assistance of both trial and appellate counsel. Currently before this Court is Winfield's petition post-remand from the Seventh Circuit. For the following reasons, the Court grants in part and denies in part Winfield's petition.

**Background**

The background of this case is familiar to the parties. Winfield was charged with the murder of Dominick Stovall and the attempted murder of Jarlon Garret related to a shooting in 1998. After a bench trial in 2000, Winfield was convicted only on the attempted murder charge and sentenced to thirty years in the Illinois Department of Corrections.

On direct appeal, Winfield argued that the trial judge abused his discretion because he did not consider Winfield's potential for rehabilitation in his sentencing. Dkt. 16-2 at 4. The Illinois Appellate Court rejected Winfield's argument and upheld the sentencing. Dkt. 16-1.

1

After the Illinois Supreme Court denied his petition for leave to appeal, Winfield filed for post-conviction relief. In his amended petition for post-conviction relief, Winfield raised, among other arguments, that his appellate counsel was ineffective for (1) failing to investigate and develop an alibi defense and (2) failing to argue that the evidence was insufficient and thus failed to satisfy the corpus delicti rule. Dkt. 16-11 at 277-78. The circuit court determining his post-conviction claim described the issues as Winfield arguing that: "(1) his trial attorney was ineffective for failing to call two alibi witnesses and (2) his appellate counsel was ineffective for failing to raise the issue of the trial attorney's incompetence on appeal." Dkt. 16-13 at 1. Analyzing those two arguments only, the trial court denied relief. After the appellate court affirmed the trial court's denial, The Illinois Supreme Court denied Winfield's petition for leave to appeal.

Winfield then filed his petition for habeas corpus. This Court allowed Winfield to take limited discovery on the question of his appellate counsel's process for deciding on what issues to raise on appeal. At his deposition, appellate counsel testified that he did not have any independent recollection of his thought process while handling the appeal. Appellate counsel offered opinions as to his thought process based on how he viewed Winfield's case at the time of the hearing.

Both parties agreed that Winfield's petition should be reviewed under the pre-Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") standard. After a *de novo* review, this Court granted Winfield's petition for habeas corpus. Dkt. 48. Specifically, this Court held that appellate counsel's performance was deficient for failing to argue that the evidence at trial did not satisfy the corpus delicti rule. The State, then changing its position in its motion for reconsideration, argued that the Court should have the AEDPA deferential standard. This Court held that the State waived this argument and denied the State's motion. Dkt. 63 After the State appealed, the Seventh Circuit held that the AEDPA deferential standard of review could not be waived and reversed and remanded this Court's decision granting Winfield's petition on that basis.

2

**Legal Standard**

Under the AEDPA, a habeas petition will not be granted on any claim that was adjudicated on the merits in state-court proceedings. *Harrington v. Richter*, 562 U.S. 86, 91, 131 S.Ct. 770, 780, 178 L.Ed. 2d 624 (2011). The exceptions to this rule are limited to situations where the state-court proceedings resulted in a decision that was (1) contrary to or an unreasonable application of Supreme Court law or (2) an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1)-(2). Under the AEDPA, the question is not whether the state court's determination is incorrect, but "whether that determination was unreasonable—a substantially higher threshold." *See Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). A state court's factual determination is not unreasonable simply because a federal habeas court would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841, 849, 175 L.Ed. 2d 738 (2010) (internal citation omitted).

Federal courts should presume state courts adjudicated the claim on the merits, even if it does not provide specific reasoning for its decision. *See Harrington*, 562 U.S. at 99, 131 S.Ct. at 784-85. Petitioners may, however, overcome this presumption by demonstrating that "some other explanation for the state court's decision is more likely" the reason for denial of relief. *Id.* at 99-100 (internal citation omitted).

**Discussion**

In his habeas petition, Winfield argues that he received ineffective assistance of both trial and appellate counsel. To establish ineffective assistance of counsel, Winfield must demonstrate that his counsel's performance was (1) objectively deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). Winfield contends that his trial counsel was ineffective for not investigating and developing an alibi

defense. Next, Winfield argues his appellate counsel was ineffective for not challenging the sufficiency of the evidence.

*1. Ineffective Assistance of Trial Counsel*

1.1. Deficient Performance

As previously mentioned, the Seventh Circuit held that the AEDPA deferential standard of review could not be waived. *Winfield v. Dorethy*, 871 F.3d 555, 560 (7th Cir. 2017). Winfield argues, still, that the Court should not apply the AEDPA's deferential standard to the appellate court's finding that there was no deficient performance under *Strickland*. Winfield contends that the appellate court's decision "rests on demonstrable factual errors." Dkt. 84 at 8-9.

In his state court appeal for post-conviction relief, Winfield argued that his trial counsel's performance was deficient because he did not investigate and develop its alibi defense. The appellate court reviewed the contradictory testimony between Winfield's family and his trial counsel. Winfield and his family testified that they told trial counsel he was at home during the time of shooting. Dkt. 16-16 at 7. In contrast, trial counsel testified that he did not remember Winfield or his family informing him of the home alibi. *Id.* Trial counsel further testified that he remembered Winfield telling him that he was at J.C. Penny during the time of the shooting and his family provided him with a store receipt in an attempt to corroborate this alibi. *Id.*

The Illinois Appellate Court affirmed the circuit court's finding that there was no deficient performance, under *Strickland*, by trial counsel for not developing a home alibi defense. Dkt. 16-16 at 7-8. After discussing the circuit court's credibility determination and resolution of the conflicting testimony, the appellate court upheld the factual determination that neither Winfield nor his family informed trial counsel that he was at home during the time of the shooting. *Id* at 7. The Illinois Appellate Court went further to state that even assuming, *arguendo*, his family did inform his trial counsel of the home alibi defense, Winfield failed to demonstrate that the decision to forgo this

4

defense was anything other than "sound trial strategy." *Id.* at 8. As such, the appellate court held that Winfield's petition was properly dismissed.

The Court finds that the appellate court's decision was not an unreasonable determination of the facts in light of the state-court record. After discussing the requirements to demonstrate ineffective assistance of counsel under *Strickland*, the appellate court found that there was no deficient performance by Winfield's trial counsel. In light of the conflicting testimony between trial counsel and Winfield's family and the need for the circuit court to determine credibility, it was not unreasonable for the appellate court to affirm the finding that Winfield nor his family informed counsel of the home alibi. This factual determination by the circuit court is presumed to be correct absent clear and convincing evidence of the contrary. *See Miller-El v. Cockrell*, 537 U.S. 322, 325, 123 S.Ct. 1029, 1033, 154 L.Ed.2d 931 (2003). Winfield provides no such evidence.

1.2. Prejudice

Winfield argues that this Court should not apply the AEDPA's deferential standard to the finding that he failed to demonstrate prejudice. Winfield specifically mentions that the appellate court "devoted a single sentence to the prejudice issue." Dkt. 84 at 10. The Supreme Court has established, however, that a court is not required to determine both prongs of *Strickland* "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

As the appellate court affirmed the factual determination that Winfield did not tell his counsel about the home alibi, he failed to demonstrate that his counsel's performance was deficient. The appellate court then held that even if trial counsel's performance was deficient for not pursuing the home alibi, Winfield could not establish prejudice because of the "overwhelming evidence of his guilt." Dkt. 16-16 at 8. The appellate court referred to Winfield's confessional statement and two eye witnesses who identified him as the shooter. *Id.* While the Court may disagree that the other evidence against Winfield was "overwhelming," this would not render the state court's decision

unreasonable. *Wood*, 558 U.S. at 301, 130 S.Ct. at 849. ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance"). Nevertheless, this Court finds that the prejudice hypothetical was mere dicta as the appellate court explicitly held that Winfield failed to establish the performance prong of *Strickland*. Accordingly, Winfield is not entitled to habeas relief on this issue.

*2. Ineffective Assistance of Appellate Counsel*

As a preliminary matter, the parties dispute the legal standard that should be applied to the review of the claim for ineffective assistance of appellate counsel. Winfield argues that the Court should again review this claim *de novo* because the Illinois Appellate Court "inadvertently overlooked" the ineffective assistance of appellate counsel issue. When a state court denies relief for a petitioner, there is a rebuttable presumption that the claim was adjudicated on the merits, even in cases where the court addresses some, but not all, of the petitioner's claims. *Johnson v. Williams*, 568 U.S. 289, 298, 133 S.Ct. 1088, 1094, 185 L.Ed.2d 105 (2013). However, if it is clear from the record that the state court "inadvertently overlooked" a federal claim, the petitioner is entitled to *de novo* review of that claim. *Id.* at 304, 1097.

In his *pro se* post-conviction petition, Winfield raised, among other arguments, that his appellate counsel was ineffective for failing to argue that the evidence was insufficient to convict him. Dkt. 16-12 at 20-25. In his amended post-conviction petition, Winfield added a claim that he received ineffective assistance of trial counsel for failure to investigate and develop an alibi defense. Dkt. 16-11 at 277. The circuit court described the issues as follows:

> The two issues remaining at this state which were cited by petitioner as grounds for post-conviction relief are that (1) his trial attorney was ineffective for failing to call two alibi witnesses and (2) his appellate counsel was ineffective for failing to raise the issue of his trial attorney's incompetence on appeal.

6

Dkt. 16-13 at 1. In the court's discussion and analysis, it never mentions the ineffective assistance of counsel claim as it relates to failure to raise the sufficiency of the evidence argument. Near the end of the decision denying Winfield's petition, the court stated the following:

> As previously discussed, trial counsel's failure to call Ms. Winfield and Ms. Sweatt does not amount to ineffectiveness. Thus, it cannot be said that appellate counsel's decision to not raise those issues constituted incompetence. Because the court has determined that the underlying claims of ineffectiveness lack support, petitioner's claims of ineffective assistance of appellate counsel likewise are without merit.

*Id.* at 6-7.

In his brief before the Illinois Appellate Court, Winfield argued that (1) his trial counsel was ineffective for failing to call alibi witnesses, Dkt. 16-14 at 15, and (2) his appellate counsel was ineffective for failing to raise an issue with the sufficiency of the evidence, *id.* at 21. In its Order denying Winfield's petition, the Illinois Appellate Court stated the following:

> Defendant contends that the circuit court's finding that trial counsel did not render ineffective assistance by failing to call alleged alibi witnesses was against the manifest weight of the evidence, and, that his cause should be remanded for a new trial. He further contends that appellate counsel rendered ineffective assistance by failing to raise this issue on direct appeal.

Dkt. 16-16 at 1. In its closing paragraph, the appellate court stated:

> In sum, defendant failed to establish either prong of the Strickland test with respect to trial counsel. Since defendant's underlying issue has been shown to be without merit, it necessarily follows that his claim of ineffective assistance of appellate counsel for failing to raise this issue on direct appeal also fails.

*Id.* at 8-9.

The Court takes the time to lay out the language of Winfield's briefs and the state court decisions because it appears that this is one of the rare cases where Winfield's federal claim was overlooked. *See Sarfraz v. Smith*, 885 F.3d 1029, 1036 (7th Cir. 2018) (stating that the record must "very clearly" show that a habeas petitioner's federal claim was inadvertently overlooked before applying *de novo* review). Consequently, the Court does not find that Winfield's ineffective assistance

7

of appellate counsel claim was adjudicated "on the merits" pursuant to section 2254(d). The Court will, therefore, review this claim *de novo*.

The Court previously found that Winfield made a sufficient showing of ineffective assistance of appellate counsel for not challenging the sufficiency of the evidence on direct appeal. [48]. The Court does not see a reason to repeat the analysis. Under the performance prong of the *Strickland* analysis the Court found:

> In light of the merit of the omitted argument, the weakness of the raised arguments, the single-issue appeal, and the lack of evidence that the omitted argument was considered and rejected for a legitimate strategic reason, appellate counsel's performance was deficient for failing to raise the corpus delicti issue.

Dkt. 48 at 11. In finding that Winfield was prejudiced by his appellate counsel not raising the sufficiency of evidence argument, the Court stated:

> [A]n examination of Illinois law reveals that the [insufficient evidence] argument has enough merit to establish a reasonable probability that an Illinois appellate court considering it might have ruled in Winfield's favor.

*Id.* at 10. Although the reason the Court applies *de novo* review is different, the State does not present any new arguments or facts that persuades the Court to change its analysis. Accordingly, Winfield's petition on this issue is granted.

**Conclusion**

For the foregoing reasons, Winfield's habeas petition is granted in part and denied in part. The Court orders the State of Illinois to reopen Winfield's direct appeal within 120 of this order.

**IT IS SO ORDERED.**

Date: 2/11/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

8